UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAWN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00089-JPH-MJD |
| | ) |
| KEITH BUTTS, *et al.* | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Shawn Williams, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated in several ways. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Williams alleges several claims in his complaint and names twenty-five defendants. Specifically, Mr. Williams claims: (1) he was subjected to excessive force when officers sprayed him with pepper spray; (2) he was subjected to excessive force when different officers forcefully closed the cuff-port of his cell on his arm; (3) he was denied due process when he was confined to disciplinary segregation for three months; (4) he received inadequate medical care for an injury to his pinky finger; (5) he was denied an ice pack for tendinitis in his knee; (6) his property was destroyed; (7) the prison operator breached its contract with the Indiana Department of Correction, causing him injury; and (8) unidentified defendants committed fraud again him. Mr. Williams also contends that the defendants took these actions in retaliation against him for an assault against staff.

Because Mr. Williams's claims are based on separate and distinct factual contentions, the Court will allow one claim to proceed in this case and sever the remaining claims.

Generally, a party asserting a claim may join "as many claims as it has against an opposing party," Fed. R. Civ. P. 18(a), and persons "may be joined in one action as defendants if . . . any right to relief is asserted against them  jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2)(A). However, on just terms, "[t]he court may also sever any claim against a party." Fed. R. Civ. P. 21. A district court has broad discretion to sever a claim under Rule 21. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also Gaffney v. Riverboat Servs.*

*of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (reviewing district court's decision to sever the plaintiff's claims for an abuse of discretion). It may exercise that discretion "to sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice." *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) (citing *Gaffney*, 451 F.3d at 442; *Rice*, 209 F.3d at 1016; *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)). To be "discrete and separate . . ., one claim must be capable of resolution despite the outcome of the other claim." *Gaffney*, 451 F.3d at 442 (internal quotation marks omitted).

The claim that will **proceed** in this case is the claim that defendants Mouser, Temple, Gilbert, and Bates exercised excessive force against him by spraying him with pepper spray and that defendants Butts and Storms were aware of abusive conduct by Bates but failed to prevent it.

Any claim that the defendants used excessive force against Mr. Williams in retaliation for his assault on correctional staff is **dismissed**. To state a First Amendment retaliation claim, a plaintiff must show that "(1) []he engaged in activity protected by the First Amendment; (2) []he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity []he engaged in was at least a motivating factor for the retaliatory action." *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (internal citations omitted). The reason that the Mr. Williams asserts the defendants retaliated against him is that he participated in an assault on a correctional officer. This is not the type of activity that is protected by the First Amendment.

### III. Conclusion and Service of Process

As explained above, the claim that will proceed in this case is the Eighth Amendment claim that defendants Mouser, Temple, Gilbert, and Bates exercised excessive force against Mr. Williams by spraying him with pepper spray and that defendants Butts and Storms were aware of abusive conduct by Bates but failed to prevent it. The state law assault and battery claims based

on these allegations shall also **proceed**. Mr. Williams's retaliation claim based on these allegations is **dismissed**.

All other claims are severed from this case and are therefore **dismissed without prejudice**. The **clerk shall terminate** Scott Fitch, Sonya Phipps, Sarah Haefner, Neal Fetz, John Heppner, Misty Cecil, Lisa Bergenson, Farrah Owens, T. Thompson, A. Petty, Heather Davis, G. Nemoore, J. Hendrix, Stacey, James Allison, M. Logen, Sgt. Cross, Magen Ward, and Nicole Clayborn as defendants.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants Keith Butts, Larry Storms, T. Temple, E. Gilbert, A. Mouser, and Steven Bates in the manner specified by Rule 4(d). Process shall consist of the complaint dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 4/15/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHAWN WILLIAMS
178128
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Keith Butts
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd
New Castle, IN 47362

Larry Storms
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd
New Castle, IN 47362

A. Mouser
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd
New Castle, IN 47362

T. Temple
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd
New Castle, IN 47362

E. Gilbert
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd
New Castle, IN 47362

Steven Bates
EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd
New Castle, IN 47362